UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Roger B. Radol, Esq. (7815)
Klein & Radol, LLC
15 Engle Street, Suite 102
Englewood, NJ  07631
201.567.6557

| In Re:<br><br>WILLIAM F. LOFTUS ASSOCIATES, INC. | Case No.: 11-21250<br><br>Chapter: 11<br><br>Judge:   Hon. Donald H. Steckroth |
|---|---|

**MOTION OF THE DEBTOR FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND CASH MANAGEMENT PROCEDURES PROVIDING THE UNITED STATES TRUSTEE'S OFFICE WITH A SIXTY (60) DAY PERIOD TO OBJECT TO SAID ORDER BEFORE IT BECOMES A FINAL ORDER NUNC PRO TUNC 4/11/2011.**

The Motion of WILLIAM F. LOFTUS ASSOCIATES, INC., the debtor and debtor- in-possession (the "Debtor"), by and through its counsel, Roger B. Radol, Esq., respectfully represents the following:

1. On April 11, 2011 (the "Petition Date"), the Debtor commenced with this Court a voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor- in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. As of this date, no Official Committee of Unsecured Creditors has been formed. No trustee has been appointed in the within chapter 11 proceeding.

**Jurisdiction and Venue**

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a is a core proceeding pursuant to 28 U.S.C.  § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Debtor's Business**

4. The Debtor is a New Jersey corporation headquartered at 120 Charlotte Place, Englewood Cliffs, NJ 07632.

5. The Debtor is engaged in the ownership and management of an engineering and consulting firm providing construction and consulting services in soils and foundation engineering.

6. As of the Petition Date, the Internal Revenue Service was Debtor's primary priority unsecured creditor, asserting a levy upon substantially all of the Debtor's pre-petition assets, including but not limited to cash on hand, account receivables, inventory, fixtures and equipment, and general tangibles together with the proceeds thereof. As of the Petition Date, the Internal Revenue Service maintained that the Debtor had a balance of approximately **$254,336.93** which is disputed.

7. The Debtor's pre-petition non-priority claims are approximately **$60,000.00**.

8. As of the Petition Date, the Debtor's assets consisted of: accounts receivable of approximately **$100,000** in addition there are various contracts which have recently been entered into which should generate approximately **$1,000,000** in revenues Said assets are collectively referred herein as the "Assets".

9. It is the Debtor's intention at the outset of the Chapter 11 Case to reorganize debtor's business by reducing the overhead expenses incurred in rent and outsourcing work that had traditionally been performed in house. Debtor's business consists of engineering and consulting providing construction and consulting services in soils and foundation engineering. The collectability of the receivables will be substantially diminished if the Debtor does not continue to operate. The Debtor anticipates that this reorganization of its affairs will generate sufficient monies to provide distributions to the various creditor constituencies. Debtor has substantial contracts and has work in progress which will only have value if Debtor is able to meet his obligations to his clients.

**Relief Requested and Basis Therefore**

10. By this Motion, the Debtors seek authorization (i) to continue using its existing cash management system and maintain existing bank accounts, and (ii) to continue to use the Debtor's existing checks and business forms. The Debtor seeks this authorization to ensure its orderly entry into bankruptcy and to help efficiently administer its business and avoid the disruptions and distractions that would inevitably divert the Debtor's attention from urgent matters during the initial stages of its bankruptcy case.

11. In furtherance of its supervision of the administration of the Chapter 11 Case, the Office of the United States Trustee for the District of New Jersey Guidelines require debtors in possession, among other things, to close all existing bank accounts and immediately open new bank accounts bearing the designation "debtor in possession" and consisting of (i) an operating account to process all post-petition receipts and disbursements from the operation of the debtor's business and (ii) a tax account into which all funds (including, but not limited to, funds held in trust for sales and employee taxes) as may be collected and or payable during the pendency of the case shall be deposited. These requirements are intended to provide a clear line of demarcation between pre-petition and post-petition transactions and operations, to provide notice to creditors and other parties that the debtor is operating as a debtor in possession and to prevent the inadvertent post-petition payment of pre-petition claims through payment of checks drawn prior to the filing of the petition.

12. To minimize disruption to the Debtor's operations during the pendency of the Chapter 11 Case, the Debtor respectfully requests an order waiving the U.S. Trustee Guidelines to the extent necessary in order to continue its use of the existing cash management system and bank accounts. The Debtor also respectfully seeks authorization to continue using its existing checks and business forms, including a waiver of the requirement that the legend "debtor in possession" be imprinted on any existing checks and business forms. However, to address the intent of the U.S. Trustee's Guidelines, the Debtor will maintain its books and records so as to provide a clear line of demarcation between pre-petition and post-petition transactions and operations, and take such other steps as may be necessary to assure that there is no post-petition payment of pre-petition claims (except to the extent otherwise authorized by this Court).

13. As set forth below, the entry of an order (i) authorizing the Debtors to continue using its existing cash management system and bank accounts, and (ii) authorizing the continued use of the Debtor's existing checks and business forms is in the best interests of the Debtor, its estate, its creditors and other parties in interest.

**Maintenance of the Debtor's Existing Cash Management**

**System is in the Best Interests of the Estate**

14. The Debtor maintains bank accounts (the "Bank Accounts") with North Jersey Community Bank in Englewood Cliffs, NJ, in the ordinary course of business to facilitate its operations. As of the Petition Date, Debtor would deposit receipts into the various Bank Accounts. All disbursements on behalf of the Debtor historically were made from the general operating account. The Debtor proposes to continue this practice.

15. The Debtor is seeking authority to maintain its present Bank Accounts so as to avoid the disruptions to its operations that would occur if it was required to set up a new cash management system. The Debtor cannot efficiently direct all of its funds directly into new depository accounts and establish new disbursements accounts, which is why the Debtor is seeking a variance from the U.S. Trustee Guidelines. In order to assure a clear demarcation between pre-petition and post-petition payments, the Debtor, if required, will provide a historical review of funds entering and exiting the Bank Accounts including the general operating account.

16. Furthermore, Debtor's employees are paid by check rather than direct deposit and at any time there may be numerous outstanding payroll checks.

17. In other cases of this size and complexity, it has been recognized that strict enforcement of the bank account closing requirements does not serve the rehabilitative purposes of chapter 11. Accordingly, courts have waived such requirements and replaced them with alternative procedures that provide the same protections. Requests for authority to continue use of existing cash management systems and bank accounts are routine and should be freely granted. *Matter of Baldwin United,* 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987).

18. This Court has also frequently granted chapter 11 debtors the authority to continue to use their existing bank accounts and cash management systems. See, e.g., *In re Congoleum Corporation, et al.,* Case No.03-51524(KCF) (Bankr. D.N.J. January 7, 2004); *In re Velocita Corp., et al.,* Jointly Administered Under Case No. 02-35895(DHS) (Bankr. D.N.J. May 30, 2002); *In re Pennsylvania Fashions, Inc.,* Case No. 02-31152(NLW) (Bankr. D.N.J. February 4, 2002); *In re The Grand Union Company,* et al., Case No. 00-39613(NLW) (Bankr. D.N.J. Oct. 3, 2000).

19. The Debtor's cash management system constitutes an ordinary course and essential business practice that is similar to those utilized by other companies. The system provides significant benefits to the Debtor, and facilitates the availability of funds when necessary and reduces the costs of borrowing. It is essential for the Debtor to continue using its existing cash management systems to continue using its existing Bank Accounts during the Chapter 11 Case on the same basis as prior to the Petition Date, and any disruption to the Debtor's ordinary business affairs at this time could have a severe adverse impact on the estate.

20. See, e.g., *In re Congoleum Corporation, et al.,* Case No.03-51524(KCF) (Bankr. D.N.J. January 7, 2004); *In re Velocita Corp.,* of al., Jointly Administered Under Case No. 02-35895(DHS) (Bankr. D.N.J. May 30, 2002), In re *Pennsylvania Fashions, Inc.,* Case No. 02-31152(NLW) (Bankr. D.N.J. February 4, 2002); *In re The Grand Union Company, et al.,* Case No. 00-39613(NLW) (Bankr. D.N.J. Oct. 3, 2000); *In re Gold-Standard Banking, Inc$_h$,* 179 B.R. 98, 105-06 (Bankr. N.D. III. 1995) (holding United States Trustee's requirements prohibiting issuance of checks without "debtor in possession" designation to be unenforceable); *In re Young,* 205 B.R. 894, 897 (Bankr. W.D. Tenn. 1997) (finding that the United States Trustee had no authority to require the "debtor in possession" imprint on the debtor's checks). The Debtors thus seek authority to continue to use their existing checks and bank accounts.

21. This Court has similarly entered orders in a number of cases allowing debtors to continue use of existing checks and business forms without placing the label "debtor in possession" on each separate check or form. *See, e.g., !n re Congoleum Corporation, at* al., Case No.03-51524(KCF) (Bankr. D.N.J. January 7, 2004); *In re Velocita Corp., et al.,* Jointly Administered Under Case No. 02-35895(DHS) (Bankr. D.N.J. May 30, 2002); *In re Pennsylvania Fashions, Inc..,* Case No. 02-31152(NLW) (Bankr. D..N..J. February 4, 2002); *In re The Grand Union Company, et a1.,* Case No. 00-39613(NLW) (Bankr. D.N.J. Oct. 3, 2000).

22. In addition, the filing of the Debtor's bankruptcy petition will undoubtedly be publicized within the business community and place a strain on the Debtor's relationships with its customers, vendors and other creditors that are essential to its continued operations. If the Debtor is required to substitute new debtor in possession bank accounts and checks for its existing Bank Accounts, these relationships will be further strained by the payment delays and confusion that would result from opening the new accounts. Consequently, the Debtor believes that it is imperative that it be permitted to continue using the existing Bank Accounts to avoid such unnecessary disruption of its business, efficiently administer its bankruptcy case and devote its efforts to a successful outcome. Although the Debtor seeks authorization to utilize and retain its existing checks and bank accounts, the Debtor will maintain its books and records so as to provide a clear line of demarcation between pre-petition and post-petition transactions and operations.

23. In the ordinary course of its business, the Debtor uses many pre-printed correspondence and business forms. The nature and scope of the Debtor's business and the numerous suppliers of goods and services require that the Debtor be permitted to continue using its existing pre-printed correspondence and business forms without alteration or modification. Changing correspondence and business forms would be unnecessary and burdensome to the estate, as well as expensive and disruptive to the Debtor's business operations. Since Parties doing business with the Debtor undoubtedly will be aware, as a result of the size of these cases and the integrated nature of the industry in which the Debtor operates, of the Debtor's status as a debtor in possession. Further, opening new debtor in possession accounts and obtaining new check stock denoting the Debtor's status as a debtor in possession would be a significant burden due to the number of accounts that the Debtor maintains. Accordingly, the Debtor also requests authority to use its correspondence and business forms without placing the label "debtor in possession" on each such correspondence or form.

24. In the ordinary course of its business, the Debtor uses many pre-printed correspondence and business forms. The nature and scope of the Debtor's business and the numerous suppliers of goods and services require that the Debtor be permitted to continue using its existing pre-printed correspondence and business forms without alteration or modification. Changing correspondence and business forms would be unnecessary and burdensome to the estate, as well as expensive and disruptive to the Debtor's business operations. Since Parties doing business with the Debtor undoubtedly will be aware, as a result of the size of these cases and the integrated nature of the industry in which the Debtor operates, of the Debtor's status as a debtor in possession. Further, opening new debtor in possession accounts and obtaining new check stock denoting the Debtor's status as a debtor in possession would be a significant burden due to the number of accounts that the Debtor maintains. Accordingly, the Debtor also requests authority to use its correspondence and business forms without placing the label "debtor in possession" on each such correspondence or form.

## Notice

26. Notice of this Motion and proposed form of order has been served on (i) the United States Trustee for the District of New Jersey; (ii) North Jersey Community; and (iii) the Debtor's twenty (20) largest unsecured creditors.

## No Prior Request

27. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests the entry of the order submitted herewith

   (a) authorizing the continued use of the debtor's centralized cash management system,

   (b) authorizing maintenance of debtor's existing checks, bank accounts, and business forms, and

   (c) such other and further relief the Court deems just and proper.

ROGER B. RADOL
Attorney for the Debtor
/Debtor-In-Possession

April 15, 2011               by: /s/ *Roger B. Radol*
Roger B. Radol